## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  SHARITA HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-522-SLP |
| | ) | |
| 1.  STATE OF OKLAHOMA ex rel., | ) | Oklahoma County District Court |
| THE OKLAHOMA MEDICAL | ) | Case No. CJ-2025-2268 |
| MARIJUANA AUTHORITYA | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff Sharita Hill ("Ms. Hill") respectfully submits this opposition to Defendant Oklahoma Medical Marijuana Authority's ("OMMA") motion to dismiss.

The underlying lawsuit is based on Ms. Hill's claims for wrongful termination due to retaliation in violation of Oklahoma state law and Title VII of the Civil Rights Act of 1964. Ms. Hill, who was a Contact Monitor at the OMMA, reported an apparent conflict of interest between Bryan Walters, OMMA's Chief Financial Officer, and a potential contract vendor which employed Bryan Walter's wife in a senior leadership position. Petition at p. 2 ¶ 10-11. Shortly thereafter, Walters subjected Ms. Hill to ridicule, reprimand, verbal abuse, and intimidation as a direct result of her whistleblowing about Walters' apparent conflict. Petition at p. 3 ¶ 16. Ms. Hill was subsequently notified of her termination, under the pretext of Reduction in Force. Petition at p. 3 ¶ 24.

Ms. Hill filed suit in State court on April 3, 2025, asserting a state law tort claim for wrongful termination, a Title VII retaliation claim, and an age discrimination claim under the ADEA. OMMA removed the matter to this Court on May 12, 2025. *See* ECF No. 1. As explained below, OMMA's Motion to Dismiss should be denied because the asserted grounds for dismissal lack merit.

## STANDARD OF REVIEW

Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only where the plaintiff fails to allege enough facts in the complaint to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court reviewing a motion to dismiss under Rule 12(b)(6) "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

## ARGUMENT

The OMMA seeks to dismiss based on 11th Amendment Sovereign Immunity. Essentially, the OMMA is attempting to game the system by voluntarily removing the case to federal court, then claiming it is immune from suit in federal court. However, as explained below, under both U.S. Supreme Court and Tenth Circuit precedent, a state's voluntary removal to federal court unequivocally constitutes a waiver of Eleventh Amendment immunity.

The OMMA also claims Ms. Hill failed to state a Title VII retaliation claim because her lawsuit does not involve discrimination based on race, color, religion, sex, or national origin. However, Ms. Hill's claims do implicate discriminatory treatment and fall within the parameters of Title VII.

## I.    OMMA IS NOT ENTITLED TO IMMUNITY BECAUSE IT VOLUNTARILY REMOVED TO FEDERAL COURT

The Eleventh Amendment provides that states are generally immune from suit in federal court by private parties. U.S. Const. amend. XI. The core rationale is rooted in federalism—the idea that states are sovereign entities and must be protected from being dragged into federal court without their consent. *Alden v. Maine*, 527 U.S. 706 (1999) ("The federal system established by our Constitution preserves the sovereign status of the

2

States."). However, where a state voluntarily invokes the jurisdiction of the federal court, including by removing a case from state to federal court, Eleventh Amendment immunity does not apply. *Lapides v. Board of Regents of Univ. System of Ga*., 535 U.S. 613 (2002) ("more than a century ago this Court indicated that a State's voluntary appearance in federal court amounted to a waiver of its Eleventh Amendment immunity"). To hold otherwise would contradict the very rationale behind the immunity doctrine and would be fundamentally unfair and "permit States to achieve unfair tactical advantages" contrary to public policy. *Id*. at 614.

In *Lapides v. Board of Regents*, *supra*, the plaintiff was a professor who sued his Georgia state employer in state court for various torts. Georgia's attorney general then removed the state to federal court and argued Georgia retained the legal right to assert immunity, even after removal. *Id*. at 613. Although the Eleventh Circuit held that Georgia maintained its right to assert immunity, the U.S. Supreme Court held that a state unequivocally waives its Eleventh Amendment immunity when it removes a case to federal court. *Id*. The Court explained:

> "It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the 'Judicial power of the United States' extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the 'Judicial power of the United States' extends to the case at hand." *Lapides*, 535 U.S. at 619.

The Court's reasoning was grounded in fairness and judicial integrity: a state should not be permitted to manipulate jurisdiction to its advantage, only to invoke sovereign immunity as a shield once in federal court. *Id*. at 620. Allowing a state to voluntarily invoke the jurisdiction of the federal court—and then claim it is immune from that jurisdiction— would be "anomalous and inconsistent," and would effectively undermine the federal judiciary's authority. *Id*.

Here, like in *Lapides*, the Oklahoma Attorney General's office is also claiming it did not waive Eleventh Amendment immunity despite voluntarily subjecting the OMMA

to the jurisdiction of this Court. However, that claim is not substantiated by any legal authority overriding the fundamental, century-old precedent that voluntary removal inherently waives the shield of sovereign immunity. *Id*. citing *Clark v. Barnard*, 108 U.S. 436, 447 (1883). The OMMA "cannot escape the result of its own voluntary act by invoking the prohibitions of the 11th Amendment." *Gunter v. Atlantic Coast Line R. Co*., 200 U.S. 273, 284 (1906).

The OMMA erroneously relies on *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012) for the proposition that Eleventh Amendment immunity remains intact unless a state affirmatively waives it. But *Coleman* is fundamentally inapplicable to the issue before this Court. *Coleman* involved Congress's power to abrogate Eleventh Amendment immunity under the Family and Medical Leave Act (FMLA)—not the question of waiver by voluntary removal to federal court. *Id*.

In *Coleman*, the Supreme Court held that the self-care provision of the FMLA did not validly abrogate the states' Eleventh Amendment immunity. *Id*. The Court concluded that Congress lacked the constitutional authority to subject non-consenting states to suit under that provision. *Id*. at 35. However, that decision turned entirely on whether Congress validly abrogated immunity—not whether a state had waived immunity through its own conduct. *Id*.

Here, we are not relying on abrogation at all. The waiver arises from the State's own affirmative litigation conduct: its decision to remove the case to federal court. That distinction is dispositive. Case law is clear: The Eleventh Amendment is intended to protect states from *involuntary* suit in federal court. It is not a license for state to voluntarily invoke the jurisdiction of the federal court—and then claim it is immune from that jurisdiction. *Estate of Schultz v. Brown County, Kan*., 846 F.3d 1260 (10th Cir. 2017) ("When a state removes a case to federal court, it waives its Eleventh Amendment immunity with respect to the claims removed."); see also *Bishop v. Smith*, 760 F.3d 1070, 1092 n.21 (10th Cir. 2014) (recognizing *Lapides* as binding precedent and affirming that removal results in waiver of immunity).

4

Therefore, this Court should deny OMMA's Eleventh Amendment immunity prayer for dismissal.

## II.    PLAINTIFF HAS SUFFICIENTLY PLED A TITLE VII RETALIATION CLAIM

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to retaliate against an employee because they engaged in a protected activity. 42 U.S.C. § 2000e–3(a). To establish a prima facie case of retaliation under Title VII, the plaintiff must show: (1) she engaged in protected activity; (2) she suffered a materially adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Here, Ms. Hill engaged in protected activity when she reported an apparent conflict of interest between Bryan Walters, OMMA's Chief Financial Officer, and a potential contract vendor which employed Bryan Walter's wife in a senior leadership position. Petition at p. 2 ¶ 10-11. Ms. Hill's concerns implicate discriminatory treatment, which qualifies as protected opposition under Title VII. Even if the OMMA disputes the misconduct, Ms. Hill need only show they reasonably believed the conduct was unlawful under Title VII. *See Crumpacker v. Kansas Dep't of Human Resources*, 338 F.3d 1163, 1171 (10th Cir. 2003) ("good faith belief" standard).

Ms. Hill suffered materially adverse employment action when she was subjected to ridicule, reprimand, verbal abuse, and intimidation as a direct result and in retaliation to her reporting. Petition at p. 3 ¶ 16. Ms. Hill was subsequently notified of her termination, under the pretext of Reduction in Force. Petition at p. 3 ¶ 24. "Adverse employment action," for purposes of a claim under Title VII, includes significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits, but does not include a mere inconvenience or an alteration of job responsibilities.*" Busby v. City of Tulsa*, 306 F. Supp. 3d 1305 (N.D. Okla. 2018).

Alternatively, if the Court finds that Ms. Hill's has not sufficiently pled her Title claim, Ms. Hill respectfully seeks leave to amend the complaint pursuant to Rule 15(a), which permits amendment "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Tenth Circuit has long endorsed a liberal policy in favor of granting leave to amend, particularly at the early stages of litigation and where amendment would not cause undue delay or prejudice. *See Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006).

## CONCLUSION

For all the above reasons, this Court should deny Defendant's Motion to Dismiss in its entirety. Alternatively, Ms. Hill should be allowed to amend her compliant.

Submitted this 24th day of June 2025.

s/ *Kindra Dotson*
Kindra N. Dotson, OBA No. 22547
Matthew D. Kiehn, OBA No. 36421
Anna Y. Sanchez, OBA No. 34775
Felina N. Rivera, OBA No. 31696
Renaissance Legal Solutions PLLC
8524 S. Western Avenue, Suite 101
Oklahoma City, OK 73139
Telephone: (405) 247-0647
Facsimile: (405) 561-4093
Email: kindra@RLSlawyer.com
**Attorneys for Plaintiff Sharita Hill**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further certify that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are registered participants.

s/ *Kindra Dotson*