**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) SHARITA HILL, | |
| Plaintiff, | |
| v. | **Case No.: 25-cv-522-SLP** |
| (1) STATE OF OKLAHOMA *ex rel.,* THE OKLAHOMA MEDICAL MARIJUANA AUTHORITY, | **(Removed from Oklahoma County District Court - CJ-25-2268)** |
| Defendant. | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant State of Oklahoma, *ex rel.*, the Oklahoma Medical Marijuana

Authority ("OMMA"), hereby submits its Reply to Plaintiff's Opposition[1] [Doc.

---

[1] Ms. Hill's counsel provides citations to this Court in her Opposition to Defendant's Motion to Dismiss that are wholly inaccurate. Counsel includes a quotation on page 4 of their motion purportedly from *Estate of Schultz v. Brown County, Kan.,* 846 F. 3d 1260 (10th Cir. 2017). However, the case cited cannot be found. The citation brought the undersigned to *Poublon v. C.H. Robinson Company*, 846 F.3d 1251 (9th Cir. 2017). The undersigned cannot find a case entitled *Estate of Schultz v. Brown County, Kan.,* however, a case with a similar name was found in the Nineth Circuit but it does not include the quotation cited by Ms. Hill's counsel nor does it mention waiver of sovereign immunity. The exact quotation cited by counsel cannot be found in any Tenth Circuit caselaw. Counsel cites *Bishop v. Smith*, 760 F.3d 1070, 1092 n.21 (10th Cir. 2014) to say that the Tenth Circuit "recogniz[ed] *Lapides* as binding precedent and affirm[ed] that removal results in waiver of immunity". The undersigned could not find a citation to *Lapides v. Board of Regents of the University System of Georgia, et al.*, 535 U.S. 613, 616 (2002) in *Bishop v. Smith*. These inaccurate case citations make it impossible for Defendant to provide a complete response to Ms. Hill's Opposition.

7] to Defendant's Motion to Dismiss [Doc. 6]. In support of this Reply, Defendant shows the Court as follows:

### I. Defendant has not waived its Eleventh Amendment Immunity.

#### a. The authority Plaintiff relies upon does not address federal law claims.

Plaintiff cites *Lapides v. Board of Regents of the University System of Georgia, et al.*, 535 U.S. 613, 616 (2002), in which a professor brought suit against his employer in a Georgia state court. The professor alleged that the Defendants violated state tort law and 42 U.S.C. § 1983. *Id.* Defendants removed the case to Federal District Court and then sought dismissal. *Id.* At the beginning of the Court's opinion, it explicitly states that the answer is limited "to the context of state-law claims." *Id.* at 617. The Court explains that the only federal claim present arises under 42 U.S.C. § 1983 and Plaintiff is seeking monetary damages; however, such a claim has been held to not constitute a valid federal cause of action. *Id.* Therefore, the only remaining claim is a state law claim, and the Court specifically addresses the issue of Eleventh Amendment immunity with respect to that claim. *Id.* at 617-18.

Plaintiff misapplies the *Lapides* Court's holding onto the present matter. Here, Plaintiff asserts an age discrimination claim under the ADEA, which arises under 29 U.S.C. § 623(a)(1) – a federal law claim. Defendant seeks to invoke its Eleventh Amendment sovereign immunity solely with respect to

the ADEA claim. Accordingly, the holding in *Lapides* is inapplicable to this case and Defendant has not waived its Eleventh Amendment Immunity.

> ### b. In the event that Defendant has waived its Eleventh Amendment Immunity from suit in this Court, it has not waived its sovereign immunity from liability.

Even if Defendant is deemed to have waived its Eleventh Amendment immunity, a waiver of suit in this Court does not equate to a waiver of liability. The Tenth Circuit found that "a state may waive its immunity from suit in a federal forum while retaining its immunity from liability." *Trant v. Oklahoma*, 754 F.3d 1158, 1173 (10th Cir. 2014). A state's sovereign immunity encompasses both immunity from suit in federal court as well as immunity from liability. *Id.* The Court noted that there is no strong federal interest in holding that a state should waive its immunity from liability by voluntarily removing a case to federal court, as a state does not gain an unfair advantage by invoking a defense it would have had in state court.

If, by removing this case, the Court finds that Defendant has waived its immunity from suit in federal court, the Court should nonetheless find that the Defendant has not waived its sovereign immunity from liability. Therefore, this Court lacks jurisdiction over Plaintiff's ADEA claims and the related claims for monetary relief.

## II.    Plaintiff fails to allege Retaliation under Title VII.

Again, there are three requisite elements for a retaliation claim under Title VII. *Bekkem v. Wilkie*, 915 F.3d 1258, 1267 (10th Cir. 2019). One is relevant for the purposes of this Reply: Plaintiff must allege she engaged in protected opposition to discrimination. *Id.* Plaintiff failed to allege sufficient facts in support of her retaliation claim. Neither the Plaintiff's initial Complaint nor her most recent Response includes any factual allegations indicating that she was subjected to retaliation based on her race, color, religion, sex, or national origin. Plaintiff has succinctly stated her basis for retaliation, which does not fall within the scope of protected activity under Title VII; therefore, any amendment would be legally insufficient.

## CONCLUSION

Based upon the foregoing, Defendant has not waived its Eleventh Amendment Immunity and Plaintiff has failed to state a claim upon which relief can be granted. As a result, allowing Plaintiff to amend would be futile and Defendant respectfully requests that this Court dismiss Plaintiff's Title VII and ADEA claims.

Respectfully submitted,

/s/ *Dixie Coffey*
**DIXIE L. COFFEY, OBA#11876**
**AMY K. RAGAN, OBA#35198**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, OK 73105
Telephone:  405.521.3921
Facsimile:   405.521.4518
Email: dixie.coffey@oag.ok.gov
            amy.ragan@oag.ok.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing. I further that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are registered participants.


/s/ *Dixie Coffey*
Dixie Coffey